## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TERI STOCKWELL,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LIFE UNIVERSITY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff TERI STOCKWELL, and files this Complaint for

Damages, showing this Honorable Court as follows:

## NATURE OF COMPLAINT

### 1.

Plaintiff brings this action for damages caused by Defendant Life University,

Inc.'s (hereinafter "Defendant" or "Life") unlawful discriminatory employment

practices involving Plaintiff's employment.  The discrimination committed by

Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e, et seq. ("Title VII"), and impaired a contractual relationship under which

Plaintiff had rights in violation of 42 U.S.C. §1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This lawsuit is brought pursuant to the 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991.

3.

Defendant is located and doing business within this judicial district and division.  This action is brought within the Northern District of Georgia, wherein all or a substantial majority of the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4.

Plaintiff Teri Stockwell is a resident of the state of Georgia and is subject to the jurisdiction of this Court.

5.

Plaintiff was employed by Defendant at all times material to the claims asserted herein and was an "employee" of Defendant as defined by Title VII.

6.

Through her employment with Defendant. Plaintiff had a contractual relationship with Defendant.

7.

Plaintiff is a Caucasian female and is a member of protected classes under Title VII.

8.

During all times relevant hereto, Defendant employed more than fifteen (15) employees for each working day in each of 20 more calendar weeks in the preceding calendar year.

9.

During all times material to this lawsuit, Defendant was an "employer" as defined in Title VII.

10.

Defendant is subject to the anti-discrimination and anti-retaliation provisions of Title VII and Section 1981.

11.

Defendant is a domestic corporation doing business in Atlanta, Georgia, and at all times material hereto has conducted business within this District. This

Defendant may be served through its registered agent for service of process: Jessica Vile, 1269 Barclay Circle, Marietta, GA 30060, Cobb County.

## ADMINISTRATIVE PROCEDURES

12.

Plaintiff satisfied all administrative prerequisites to perfect her claims by timely filing a Charge of Discrimination, (attached hereto as Exhibit "A"), with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2022-07798, on or about July 13, 2022.

13.

The EEOC issued Plaintiff a "Notice of Right to Sue," (attached hereto as Exhibit "B"), on September 27, 2023, which she received on September 28, 2023, entitling an action to be commenced within ninety (90) days of receipt of that notice.

14.

Plaintiff initiated this action within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

15.

Defendant hired Plaintiff as a Clinician in 2012.

16.

In July 2020, because of her exemplary performance in Defendant's employ, Plaintiff transitioned into a leadership role as Assistant Director of Clinics.   She then moved into the Executive Director for Clinical Operations role in February 2021.

17.

Plaintiff, who is white, oversaw the clinical staff, none of whom are white.

18.

On December 8, 2021, Plaintiff was called into a meeting to discuss a "confidential" issue.

19.

During that meeting, Plaintiff was informed that there were multiple anonymous complaints that were allegedly lodged against her. Those reports were lodged against Plaintiff for conduct that other non-white employees and male employees of Defendant participate in without retribution. Defendant launched an investigation into Plaintiff's conduct.

20.

During the December 8, 2021 meeting, Plaintiff was interrogated for hours without opportunity to review any allegations or prepare to respond to the wrongful accusations.

21.

Prior to this meeting, there had been no indication of any concern or issue regarding Plaintiff's performance in any of the roles she had served for Defendant.

22.

After the December 8, 2021 meeting, Plaintiff discovered, in addition to the complaints being false and based in gender and racial bias, that at least one of the complaints did not exist. Accordingly, Plaintiff wrote and submitted a complaint about the meeting, allegations, and discrimination she was experiencing, as well as informed Defendant that at least one of the complaints had been fabricated.

23.

An HR officer then came to Plaintiff's office and confronted and harassed Plaintiff about the complaint, telling her she needed to "watch what [she] say[s]."

24.

Throughout Defendant's investigation, Defendant and its employees intimidated, threatened, unfairly judged, yelled at, and targeted Plaintiff because of

her race and gender. Defendant further subjected Plaintiff to a biased investigation which did not follow policy.

25.

Plaintiff was subject to gender bias, being falsely accused of sleeping with her supervisor to obtain her position and subjected to derogatory comments to that effect.

26.

Plaintiff was denied support and singled out by non-white employees and used as a scapegoat for personal issues.

27.

After complaining, Plaintiff was removed from her office and forced to share an office with the HR employee who harassed her because of her complaint.

28.

Plaintiff was also set up to fail, being provided no training and minimal mentoring.

29.

Plaintiff reported to Defendant that she was subject to toxic and harassing treatment because she had lodged the complaint. Defendant and its employees continued to defame and demonize Plaintiff to other employees.

30.

Without an evaluation or any opportunity for corrective action or remediation, Plaintiff was demoted effective January 31, 2022, and her pay was reduced beginning January 24, 2022.  Plaintiff was prohibited from working in Defendant's clinics or ever supervising any of Defendant's employees again.

31.

Male employees of Defendant who have been reassigned or demoted were not subject to reduced pay, and a number have kept their positions with no negative consequences.

32.

In a conversation in April 2022, Defendant's President acknowledged that actions similar to the above pled behavior was occurring in various University departments and that the HR processes for dealing with those circumstances was inadequate.

## <u>COUNT I</u>
## <u>RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981</u>

32.

Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33.

During Plaintiff's employment with Defendant, Defendant subjected her to discrimination on the basis of her race including, but not limited to: (a) imposing and enforcing workplace policies, practices, and procedures against her but not non-white employees; (b) failing and refusing to properly support and train Plaintiff but adequately supporting non-white employees; (c) subjecting Plaintiff to unfair adverse employment actions as compared to non-white employees; (d) favoring and believing other employees over Plaintiff because of her race; (e) ignoring and actively denying Plaintiff's specific complaints about a hostile work environment; (f) investigating, intimidating, threatening, unfairly judging, yelling at, and targeting Plaintiff because of her race; and (g) treating other individuals outside of Plaintiff's race more favorably even though they engaged in conduct similar to Plaintiff.

34.

But-for her race, Plaintiff would not have suffered the loss of her legally protected rights.

35.

The above-pled discriminatory conduct Defendant committed against Plaintiff constitutes race discrimination by Defendant against Plaintiff in violation of 42 U.S.C. § 1981.

36.

As a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered lost compensation and other benefits of employment, severe emotional distress and injury, loss of income, humiliation, inconvenience, and other indignities.

37.

Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights or, alternatively, undertook their conduct recklessly with respect to Plaintiff and her federally protected rights, entitling her to recover punitive damages against them.

38.

Plaintiff is entitled to damages against Defendant, including back pay and lost benefits, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

39.

Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40.

At all relevant times, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e(f).

41.

At all relevant times, Defendant was Plaintiff's "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

42.

Plaintiff is Caucasian and is therefore a member of a protected class under Title VII.

43.

Plaintiff met the qualifications for her position and performed well in that position.

44.

During Plaintiff's employment with Defendant, Defendant subjected her to discrimination on the basis of her race including, but not limited to: (a) imposing and enforcing workplace policies, practices, and procedures against her but not non-white employees; (b) failing and refusing to properly support and train Plaintiff but adequately supporting non-white employees; (c) subjecting Plaintiff to unfair adverse employment actions as compared to non-white employees; (d) favoring and

believing other employees over Plaintiff because of her race; (e) ignoring and actively denying Plaintiff's specific complaints a hostile work environment; (f) investigating, intimidating, threatening, unfairly judging, yelling at, and targeting Plaintiff because of her race; and (g) treating other individuals outside of Plaintiff's race more favorably even though they engaged in conduct similar to Plaintiff.

45.

As described above, Defendant subjected Plaintiff to discriminatory comments, harassment, and disparate treatment in the terms and conditions of her employment. Plaintiff's race was a motivating factor in those actions.

46.

The race discrimination to which Plaintiff was subjected by Defendant was in violation of Title VII, thus entitling her to all appropriate relief provided under the statute.

47.

Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of Plaintiff's federally protected rights.

## COUNT III
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

48.

Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

49.

At all relevant times, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e(f).

50.

At all relevant times, Defendant was Plaintiff's "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

51.

Plaintiff is a female and is therefore a member of a protected class under Title VII.

52.

Plaintiff met the qualifications for her position and performed well in that position.

53.

During Plaintiff's employment with Defendant, Defendant subjected her to discrimination on the basis of her sex including, but not limited to: (a) imposing and enforcing workplace policies, practices, and procedures against her but not male employees; (b) subjecting Plaintiff to unfair adverse employment actions as compared to male employees; (d) ignoring and actively denying Plaintiff's specific complaints about a hostile work environment; (e) investigating, intimidating, threatening, unfairly judging, yelling at, and targeting Plaintiff because of her sex; and (g) treating male employees more favorably even though they engaged in conduct similar to Plaintiff.

54.

As described above, Defendant subjected Plaintiff to discriminatory comments, harassment, and disparate treatment in the terms and conditions of her employment. Plaintiff's sex was a motivating factor in those actions.

55.

The targeted, harassment of Plaintiff set forth above, performed by Defendant and its employees made it impossible for Plaintiff to perform her job and created an abusive, intolerable, and hostile work environment.

56.

Defendant made it clear that Plaintiff was unwelcome in her job and fostered a hostile work environment for her. Defendant knew of or should have known of the harassment and hostile work environment and failed to take remedial action despite having the ability and duty to do so.

57.

The intimidation and harassment enacted by Defendant had the purpose and effect of unreasonably interfering with Plaintiff's work and created a hostile and offensive work environment, jeopardized Plaintiff's job, and deprived her of her continued employment as she knew it.

58.

As set forth above, Defendant intentionally misused, misapplied, and misconstrued policies with discriminatory motivation to detrimentally effect Plaintiff.

59.

The harassment altered the conditions of Plaintiff's employment and created an abusive and hostile working environment, such that it would interfere with any employee's work performance. Any reasonable employee would have perceived Defendant's conduct as abusive, harassing, and hostile.

60.

The discriminatory work environment Plaintiff was subject to was open and obvious, and was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and to create a hostile working environment.

61.

Defendant failed to take prompt and appropriate remedial measures to stop the discrimination, and Plaintiff suffered damages as a result.

62.

As a direct, foreseeable, and proximate result of Defendant's intentional and unlawful conduct, which was intended to cause Plaintiff harm, and/or was committed with reckless disregard of the harm caused to Plaintiff, and in derogation of her federally protected rights, Plaintiff has suffered and continues to suffer damages including emotional distress, pain and suffering, damage to her reputation, professional retribution, mental anguish, loss of enjoyment of life, loss of income and benefits, humiliation, inconvenience, other personal and professional indignities, and other past and future pecuniary losses, including but not limited to payment of attorney's fees.

63.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

**COUNT IV**
**RETALIATION**

64.

Plaintiff realleges and incorporates by reference paragraphs 1 through 63 as if fully set forth herein.

65.

Plaintiff reported the harassment and discrimination she experienced. Immediately thereafter, a member of HR came to Plaintiff's office to threaten and harass her about the complaint. Shortly thereafter, Plaintiff was demoted and prevented from supervising other employees.

66.

Plaintiff's report to Defendant of the harassment and discrimination she experienced was protected conduct under Title VII.

67.

Plaintiff's participation in protected conduct was a motivating factor for its decision to harass, demote, and reduce the pay of Plaintiff.

68.

Defendant's retaliatory actions against Plaintiff violate Title VII.

69.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation toward Plaintiff was undertaken in bad faith.

70.

Defendant's retaliatory conduct complained of herein has deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because she participated in protected conduct.

71.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff's psychological and physical well-being were adversely affected.

72.

By and through its conduct, Defendant violated Title VII by retaliating against Plaintiff and harassing and demoting her because she made good faith complaints of discrimination to Defendant.

73.

As a result of this discrimination, Plaintiff suffered injury and damage; she was demoted; her pay was reduced; her decades long career was significantly and adversely impacted; she lost compensation and job benefits; and she was forced to endure mental anguish, emotional distress, humiliation, and shame.

74.

Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, and costs of litigation.

**COUNT IV**
**ATTORNEY'S FEES**

75.

Plaintiff realleges and incorporates by reference paragraphs 1 through 74 as if fully set forth herein.

76.

Defendant committed the foregoing torts and acted in bad faith with respect to the underlying transactions giving rise to this Complaint, campaigning against Plaintiff even though they knew she did not act in violation of Defendant's policies and in supporting a mission to get rid of Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a)  General damages for mental and emotional suffering caused by the misconduct of Defendant;

b)  Punitive damages based on the Defendant's willful, malicious, intentional, and deliberate acts;

c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

d)  Reasonable attorneys' fees and expenses of litigation;

e)  Trial by jury as to all issues;

f)  Prejudgment interest at the rate allowed by law;

g)  Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and,

i)  All other relief to which she may be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff herewith demands trial by jury as to all issues to which a right to trial by jury is afforded.

20

Respectfully submitted, this 26th day of December, 2023.

HOFFER TRIAL LAWYERS, LLC

MICHAEL D. HOFFER
Georgia Bar No. 359493
MARY PAIGE GRAY
Georgia Bar No. 991260
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Office
404-551-5362 Direct / Fax
mgray@hoffertriallawyers.com

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1C</u>

Pursuant to the Local Rules of this Court, the above-signed counsel certify that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.